TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

———————————————————————

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-202 |
| of | : | |
| | : | June 1, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

———————————————————————————————————————————

THE HONORABLE JACK O'CONNELL, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Is the State Architect's interpretation of the "strike edge clearance" accessibility requirement of the California Building Standards Code an interpretation that may be appealed by a hotel owner to the Building Standards Commission?

CONCLUSION

The State Architect's interpretation of the "strike edge clearance" accessibility requirement of the California Building Standards Code is not an interpretation that may be appealed by a hotel owner to the Building Standards Commission.

ANALYSIS

All state building standards are contained in the California Building Standards Code (Cal. Code Regs., tit. 24; "Code") as coordinated by the California Building Standards Commission ("Commission"). One of the Code requirements is a "strike edge clearance" accessibility standard (Cal. Code Regs., tit. 24, §§ 1004.9.2.1a, 1004.9.2.2a), allowing a person in a wheelchair to have sufficient room to open an exit door and maneuver the wheelchair around the strike side edge of the door in specified rooms and buildings.

The State Architect, appointed by the Governor and part of the Department of General Services (Gov. Code, § 14950), has interpreted the requirements of the strike edge clearance

accessibility standard for purposes of those buildings under his jurisdiction and subject to his enforcement responsibilities--publicly funded government facilities, including local school buildings and community college buildings. (See Gov. Code, §§ 4450, 4453; Ed. Code, §§ 17208, 81130.)

The strike edge clearance accessibility standard is also applicable to buildings not under the jurisdiction of the State Architect such as privately funded hotels and motels. The question presented for resolution is whether the Commission may hear an "appeal" by a hotel owner who disagrees with the State Architect's interpretation of when the standard is applicable. We conclude that the Commission has no authority to render a decision based upon such an "appeal."

Our analysis of this issue requires an examination of Health and Safety Code section 18945, **Footnote No. 1** permitting appeals of state and local agency actions involving state building standards. Section 18945 is part of the State Building Standards Law (§§ 18901-18949.31), under which state agencies submit state building standards to the Commission for review and approval (§§ 18929, 18930, 18931, subds. (a), (c)) and incorporation into the Code (§§ 18931, subd. (b), 18939, 18940; cf. §§ 18910, 18911). (74 Ops.Cal.Atty.Gen. 1, 2 (1991).) Section 18945 states:

"(a) Any person adversely affected by any regulation, rules, omission, interpretation, decision, or practice of any state agency respecting the administration of any building standard may appeal the issue for resolution to the commission.

"(b) If any local agency having authority to enforce a state building standard and any person adversely affected by any regulation, rule, omission, interpretation, decision, or practice of such agency respecting such building standard both wish to appeal the issue for resolution to the commission, then both parties may appeal to the commission. The commission may accept such appeal only if the commission determines that the issues involved in such appeal have statewide significance."

The State Architect has, among his responsibilities, the duty of developing and submitting certain state building standards to the Commission for approval and adoption. (Gov. Code, § 4450.) These standards are designed "[t]o assure that barrier-free design is incorporated in all buildings, facilities, site work and other improvements to which [the Code] applies in compliance with state law to assure that these improvements are accessible to and usable by persons with disabilities." (Cal. Code. Regs., tit. 24, § 101.17.11.) Such standards are applicable to publicly funded buildings, structures, sidewalks, curbs and related facilities and to privately funded food and lodging accommodations open to the general public and specified commercial facilities. (§ 19955; Cal. Code Regs., tit. 24, §§ 101.17.11.1, 101.17.11.2). However, the enforcement of these regulations that require food and lodging accommodations and commercial facilities to be made accessible to and useable by individuals with disabilities is the responsibility of local building departments. (§ 19958; Cal. Code Regs., tit. 24, § 101.17.11.3.1). The State Architect does not perform any administrative tasks such as plan review, building inspection, or permitting in connection with privately funded hotels or motels.

Given the foregoing statutory and administrative provisions, we reject the suggestion that a hotel owner who disagrees with the State Architect's interpretation of the strike edge clearance accessibility standard may bring an appeal under section 18945, subdivision (a), as a "person adversely affected by any . . . interpretation . . . of any state agency respecting the administration of a building standard."

First, the State Architect has no role in enforcing or administering accessibility standards as applied to privately funded food and lodging accommodations. Development of a state building standard, as performed by the State Architect, is not the same as the administration of a building standard. In this context, "administer" means "to direct or superintend the execution, use, or conduct of." (Webster's Third New Internat. Dict. (1971), p. 27.) The State Architect does not manage or have charge of state building standards as they relate to privately funded buildings or facilities. (§ 19958; Gov. Code, § 4453; Cal. Code Regs., tit. 24, § 101.17.11.3). **Footnote No. 2** Simply put, a hotel owner cannot be "adversely affected" by an interpretation of a state building standard made by the State Architect; he can only be adversely affected by a local building official's interpretation.

Moreover, we note that the Commission's regulations state that "[w]hen the enforcement of a state building standard is the responsibility of a local jurisdictional authority, the Commission will hear an appeal only with the concurrence of both the affected individual and the responsible local jurisdictional authority." (Cal. Code Regs., tit. 24, § 1-602 (e).) It is thus evident that when an interpretation of a state building standard is being challenged and that standard is enforceable only by a local building official or authority, the appealing party must utilize the procedure set forth in subdivision (b) of section 18945, rather than that contained in subdivision (a).

It is apparent that the Legislature has chosen precise language in establishing the conditions for obtaining interpretive rulings of locally enforced state building standards. The situation must involve a specific project and the participation of the local building authority in the request for a Commission hearing. (§ 18945, subd. (b).) **Footnote No. 3** In the absence of these circumstances, any clarification or refinement of a state building standard must take place through an amendment to the Code as part of the Commission's rulemaking process.

We conclude that the State Architect's interpretation of the strike edge clearance accessibility requirement of the Code is not an interpretation that may be appealed by a hotel owner to the Commission.

* * * * *

**Footnote No. 1**
All undesignated section references hereafter are to the Health and Safety Code.
**Footnote No. 2**
Cities and counties have the option of providing for a local appeals board to hear written appeals brought by any person regarding actions taken by the building department of the city or county in enforcing accessibility standards. (§ 19957.5.) The decision of an appeals board is final and conclusive as to the building department. (*Ibid*.)
**Footnote No. 3**
We have examined the legislative history of section 18945 (Stats. 1979, ch. 1152, § 163) and have found it consistent with our interpretation expressed herein.